```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 98-493-CIV-GRAHAM
                                      (95-0060-CR-GRAHAM)
                              MAGISTRATE JUDGE P.A. WHITE
```

STEPHEN CHISHOLM,                    :

     Movant,                        REPORT OF MAGISTRATE
                                                      JUDGE
v.                                   :

UNITED STATES OF AMERICA,            :

     Respondent.                    :
_____

     The pro se petitioner, Stephen Chisholm, filed a Motion To Reopen Case in Case No. 98-493-Civ-Graham (DE#67) and a motion to proceed in forma pauperis (DE#68). The motions were referred to the Undersigned Magistrate Judge.

     Chisholm filed a motion to vacate his conviction in 95-60-Cr-Graham, pursuant to 28 U.S.C.§2255. In this motion, assigned Case No. 98-493-Civ-Graham, Chisholm claimed that Police Officer Mervolin planted a gun on him and then lied at his trial. The motion was found to be without merit and denied on November 2, 2000. The petitioner voluntarily dismissed his appeal to the Eleventh Circuit on December 2, 2002.

     Chisholm then filed a motion for Relief from Judgement pursuant to Federal Rules of Civil Procedure Rule 60(b). The motion was correctly docketed as a motion to vacate pursuant to 28 U.S.C.

§2255.[1]  The motion, assigned case no. 04-21686-Civ-Graham, was dismissed as a successive motion.

Chisholm has now filed a motion to reopen his case on July 15, 2009. Review of the motion reveals it to be a second Rule 60(b) motion, alleging fraud upon the Court. Chisholm repeats the claim he raised in his initial motion to vacate; that the police officer at his trial fabricated evidence against him and lied about it.

This second Rule 60(b) must be denied as the claim was found to be without merit by the District Court when denying his initial motion to vacate. Further, this 60(b) is, in legal effect, another attempt at a collateral attack upon his criminal conviction in case no. 95-60-cr-DG and may be dismissed as a successive motion.

If the movant intends to pursue this case, he must apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.

Lastly, this motion, filed seven years after his voluntary dismissal of his direct appeal to the Eleventh Circuit is clearly time barred.

---

[1] A petitioner's Rule 60(b) motion to reopen the judgment can be regarded as a second or successive application for purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). A prisoner may not be entitled to evade the restrictions of filing a successive petition by filing a Rule 60(b). Gonzalez v. Secretary for the Department of Corrections; (Eleventh Circuit Court of Appeals. Case No. 02-12054 (April 26, 2004).

It is therefore recommended that this motion be denied (DE#67) and this case be dismissed.

It is further recommended that the motion to proceed <u>in forma pauperis</u> (DE#68) be denied as moot.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this <u>28th</u> day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Stephen Chisholm, <u>Pro Se</u>
    Reg. No. 48752-004
    F.C.I. Coleman
    Coleman, FL
    Address of Record